UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**GLENN D. ODOM, II**                                                                        **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 5:13CV-P60-R**

**VICTORIA P. LYNN** *et al.*                                                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Glenn D. Odom, II, filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will allow some of Plaintiff's claims to proceed and will dismiss others.

**I.**

Plaintiff is an inmate at the Kentucky State Penitentiary (KSP). Defendants are employees or officers of KSP. He sues the following Defendants in their individual capacities only: Troy Belt, whom he identifies as "Committee chairman of disciplinary/Captain"; Josh Patton, disciplinary member; Hillary Poole, disciplinary member; Victoria P. Lynn, Case Worker; and Skyla Grief, Grievance Coordinator. He also sues Duke Pettit, identified as "Dep. Warden/Programs[,]" and Warden Randy White in their official capacities only. He sues Bruce Von Dwingelo, identified as "Seg. Unit Administrator," in both his individual and official capacities.

As an initial matter, Plaintiff attached to his complaint over one hundred pages of exhibits and later filed additional exhibits. For the purposes of initial review, the Court is not required to wade through lengthy exhibits to find support for Plaintiff's claims. *See Jinadu v. Fitzgerald*, No. 99-4259, 2000 U.S. App. LEXIS 23650, at *3-4 (6th Cir. Sept. 15, 2000) ("The

district court's duty to construe Jinadu's *pro se* pleadings liberally did not obligate it to analyze attachments to Jinadu's complaint in order to speculate about the claims Jinadu may be attempting to bring."); *Young Bey v. McGinnis*, No. 98-1930, 1999 U.S. App. LEXIS 23676, at *4 (6th Cir. Sept. 23, 1999) ("[The plaintiff] refers the court to an attachment consisting of a minimum of fifty pages. The district court's duty to construe Young Bey's *pro se* pleadings liberally did not obligate it to analyze attachments to Young Bey's complaint in order to speculate about the claims Young Bey may be attempting to bring."). It is Plaintiff's responsibility to allege the facts supporting his claims in the body of his complaint.

Plaintiff states in the complaint that Defendant Von Dwingelo told him, "'If you pi** me off, I'll make your life a living hell!'" He states that he has been the subject of "harassment, retaliation, and reprisals" from Defendants Lynn and Von Dwingelo. He avers that Defendant Lynn refuses to notarize his documents if she does not like what they contain and that she "claims that Warden White and Dwingelo has authorized her to read Odom's affidavits, outgoing legal mail, and etc. - and to refuse Odom notary if she wants to." Plaintiff reports that Defendant Lynn often refuses to give him legal forms. He further contends that Defendant Lynn placed false major disciplinary charges on him as retaliation for him asking for a grievance form. He states that she had alleged that "plaintiff masturbated (in his suicide-watch camera cell) towards her <u>seven (7) days prior</u>??? When the committee checked the camera they <u>CLEARLY</u> held this allegation to be 'impossible.'" (Emphasis in original.) He further states that several times Defendant Lynn refused to return his affidavits and he had to "file complaints" for their return.

Plaintiff further states that Defendant Lynn "is intentionally keeping plaintiff as a maxium security inmate although he has been none-max since Sept. 9th, 2012." He avers that

2

Defendant Lynn "once denied plaintiff an opportunity to call his civil attorney just because the atty. was civil." He states the Defendants Lynn and Von Dwingelo refuse to allow him "to switch out his legal material sometimes, even though plaintiff shows Lynn deadlines from several federal judges." He also states that he once had to wait fifty days to receive his 18 inches of legal property because Defendants Lynn and Von Dwingelo claimed it was lost. He also claims that Defendant Lynn refuses to mail his legal mail "for any tiny or false reason[]" and once stated that he was too loud. He also states that Defendant Lynn "once got mad because I asked her to stop reading the mail (in front of my face) so she just got upset and walked off - refusing to mail my legal mail."

Plaintiff states that he has written Defendant Lynn's supervisor, Defendant Von Dwingelo, about Lynn's treatment of him, but that Von Dwingelo "allows and encourages the continuation of such" and orders Lynn "to write him up for false reasons to cover her tracks of refusing to mail my legal mail." He also avers that Defendants Von Dwingelo and Lynn refuse to let him view a CD of x-rays which he needs to view to meet a federal deadline. He states that they will not allow him to write the governor or commissioner if it is about them. He states that he then has to sell food to buy a stamp.

Plaintiff further contends that Defendants Lynn and Von Dwingelo refuse to give him addresses that he needs to litigate his federal case. He states that he asked Defendant Lynn to call the Jefferson County Court Clerk "because I wrote them but they gave me a vague reply." He states he has a deadline in his life sentence appeal and a dire need for her to call. He claims that Defendant Lynn gave his request to Defendant Von Dwingelo and "he denied me out of hatred - of course." He states that he asked his "neighbor" to make the exact same request and

that Defendant Lynn called the Clerk for the neighbor.  Plaintiff alleges that this is retaliation.

Plaintiff further avers that Defendant Lynn is intentionally "telling my business out loud over the range saying 'Oh, your talking about that one case where you told on those Indiana guys for breaking your bones?'  This is causing inmates to call me rats and snitches."  He states that Defendant Lynn told another inmate "to teach me a lesson" while inmates were outside on recreation but that the other inmate replied, "'I don't even know him.'"  He states that Defendant Von Dwingelo yells and screams at him and "when other inmates started complaining he told him that I needed to learn that this is prison."  He states that "hours later," he had his mother call Frankfort to report that Defendants Lynn and Von Dwingelo were causing him unsafe conditions and that Von Dwingelo moved him downstairs, which is still in Von Dwingelo's segregation unit.  Plaintiff reports that when Defendant Lynn brought Plaintiff his legal property, he "politely refused and explained that [he] felt threatened" by Lynn and Von Dwingelo.  He states that Defendant Lynn again said that he "told on" on inmates in Indiana.  Plaintiff states, "Now inmates on this walk are calling me rats and snitches and we have large holes in our walls to where each neighbor can <u>easily</u> throw urine, feces, or spit on me."  He contends that he "will surely be assaulted at any moment because inmates upstairs are yelling down here through the vents saying that I'm a check-in and C.T.O. Lynn said that I told on Indiana inmates."  He states that he has contacted LaDonna Thompson and Ombudsman John Dunn, filed grievances, and told Internal Affairs officer Doinne Hardin that he will be attacked in 3 cellhouse.  He states that "K.S.P. officials laughed at me and loves to see 'certain' inmates attacked."

Plaintiff also states that Defendants Poole, Belt, and Patton "literally had no reason to find me guilty of Victoria Lynn's write up.  Dwingelo made it to where they upheld this

4

frivolous write up." He further states, "During all relevant times in this action Skyla Grief was Grievance Coordinator and she deliberately trashed, tampered, obstructed, and rejected my grievances to help her close friends. I been on grievance restriction since 2011 for no reason."

Further, Plaintiff contends that Defendants White and Pettit were notified numerous times of the actions of Defendants Lynn, Grief, and Von Dwingelo. He states that they "upheld all misconduct and ignored plaintiff's request to be kept safe from Dwingelo's and Victoria Lynn's 'assault trap.'"

As relief, Plaintiff seeks punitive damages and injunctive relief in the form of ordering Defendants White, Pettit, and Von Dwingelo "to remove plaintiff from 3 cellhouse - which he faces an imminent attack" and ordering Defendants White, Pettit, and Von Dwingelo "to allow plaintiff legal address to meet his federal deadlines."

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 548 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

5

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

# III.

## A. Official-capacity claims

Plaintiff sues Defendants Von Dwingelo, Pettit, and White in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Von Dwingelo, Pettit, and White are employees or officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State agencies and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against these Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against Von Dwingelo, Pettit, and White for monetary damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

## B. Individual-capacity claims

### 1. Access to courts

Plaintiff makes a number of allegations that Defendants Lynn and Von Dwingelo denied his requests for assistance in handling his legal matters. He alleges they refused to mail legal mail and notarize documents, give him legal forms, call a clerk's office and an attorney on his

behalf, allow him to view x-rays for litigation, give him addresses he needed for litigation, and allow him to "switch out" his legal materials.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, the right of access to the courts has never been equated with unlimited access to legal materials and assistance. *See Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). In order to state a claim for interference with access to the courts, a plaintiff must show actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Moreover, the prejudice requirement is not satisfied by just any type of frustrated legal claim. *Lewis v. Casey*, 518 U.S. at 351. A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific criminal defense, non-frivolous direct appeal, habeas corpus application, or civil-rights action. *Id.*; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999).

Further, the Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The *Christopher* Court held that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

In the present case, Plaintiff fails to allege a "lost remedy" or in what cause of action he incurred it. In other words, Plaintiff does not allege what legal claims may have actually been frustrated by Defendants' alleged actions, *i.e.*, that he was actually prevented from pursuing a specific criminal defense, non-frivolous direct appeal, habeas corpus application, or civil-rights action. He states that Defendants Lynn and Von Dwingelo denied his request to call the Jefferson County Court Clerk and that he had a "deadline in his life sentence appeal and a dire need to for [Lynn] to call." However, Plaintiff does not state that he was barred from contacting the Clerk in writing or through other means. Nor does he allege that he was actually prevented from raising an argument or defense in his appeal. Plaintiff also demands injunctive relief in the form of an order to Defendants White, Pettit, and Von Dwingelo "to allow plaintiff legal address to meet his federal deadlines." While it is not clear from this demand what exactly Plaintiff is seeking, he again fails to state that he was actually prejudiced in making any non-frivolous argument that would give rise to an access-to-courts-claim.

Accordingly, his access-to-courts claims will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Verbal harassment

Plaintiff alleges that he was "harassed" by Defendants Lynn and Von Dwingelo and that they yelled at him and made loud comments about his previous accusations against Indiana inmates for other inmates to hear. The Eighth Amendment proscribes punishments which involve the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). However, harassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 10312, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Likewise, Plaintiff's allegation that Defendant Lynn told another inmate to "teach [Plaintiff] a lesson" falls into the category of verbal threats and harassment, which do not give rise to an Eighth Amendment claim. *See Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (a guard's verbal threat to sexually assault an inmate "was not punishment that violated [the prisoner's] constitutional rights"); *McDonald v. Sullivan Cnty. Jail*, 2010 U.S. Dist. LEXIS 48737, at *2, *8 (E.D. Tenn. May 18, 2010) (prison guard's threat to kill plaintiff "may be petty, oppressive, and unprofessional, [but] it is not unconstitutional"); *Miles v. Tchrozynski*, No. 2:09-CV-11192, 2009 U.S. Dist. LEXIS 30327, at *1 (E.D. Mich. Apr. 7, 2009) ("Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights.")

Therefore, Plaintiff's claims against Defendants Lynn and Von Dwingelo for alleged harassment, threats, and other abusive language will be dismissed for failure to state a claim.

   3.   **Failure to protect**

Plaintiff alleges that he will be assaulted "at any moment because inmates upstairs are yelling down here through the vents saying that I'm a check-in and C.T.O. Lynn said that I told on Indiana inmates." He states that he has warned prison officials that he will be attacked but they have not taken action to protect him. Plaintiff does not allege that he suffered any physical injury in connection with the other inmates' threats. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). Therefore, Plaintiff's claims for monetary damages in connection with his failure-to-protect claims will be dismissed for failure to state a claim upon which relief may be granted.

However, Plaintiff also demands injunctive relief in the form of an order to Defendants White, Pettit, and Von Dwingelo "to remove plaintiff from 3 cellhouse - which he faces an imminent attack." "[I]njunctive relief may be ordered by the courts when necessary to remedy prison conditions fostering unconstitutional threats of harm to inmates." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998). The Court construes Plaintiff's request for injunctive relief as a request for protection from specific threats. <u>The Court will allow this Eighth Amendment claim for injunctive relief to continue against Defendants White, Pettit, and Von Dwingelo in their official capacities</u>. In allowing this claim to go forward, the Court passes no judgment on their ultimate merit.

### 4. Grievance handling

Plaintiff's only allegations against Defendant Grief concern the handling of his grievances. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged constitutional violation. *Id.*

Since Plaintiff's allegations against Defendant Grief only concern the handling of his grievances, the individual-capacity claim against Defendant Grief will be dismissed for failure to state a claim.

   5.   **Disciplinary committee members**

Plaintiff states the Defendants Poole, Belt, and Patton "had no reason to find me guilty of Victoria Lynn's write up" and upheld a "frivolous write up." However, in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), to prison administrative proceedings, holding that if an inmate's claim challenging prison disciplinary proceedings would "necessarily imply the invalidity of the punishment imposed[,]" the claim is not cognizable in a civil action under § 1983. *Edwards v. Balisok*, 520 U.S. at 648. Furthermore, in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court reemphasized that "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id*. at 81-82.

While Plaintiff's allegations concerning the disciplinary action are vague, he states that he was found guilty, and he does not state the finding of guilt was overturned. Therefore, a challenge to the disciplinary proceeding necessarily implies the invalidity of the proceeding, and the claim is barred. Accordingly, Plaintiff's claims against Defendants Belt, Patton, and Poole concerning the disciplinary proceeding for which he was found guilty will be dismissed for failure to state a claim.

### 6. Assignment to maximum security

Plaintiff claims that Defendant Lynn is keeping him in maximum security unfairly. The law is clear that inmates have no constitutional right to be incarcerated in any particular institution or a particular part of an institution unless the state has created a liberty interest in remaining at a particular institution. *Montanye v. Haymes*, 427 U.S. 236, 243 (1976); *Beard v. Livesay*, 798 F.2d 874 (6th Cir. 1986). This is not the case in Kentucky where transfer of prisoners is within the discretion of the corrections cabinet. Ky. Rev. Stat. § 197.065. "Nor does the transfer of a prisoner from one unit to another within the same prison implicate such a right." *Odom v. Caruso*, No. 2:10-cv-31, 2010 U.S. Dist. LEXIS 120261, at *7 (W.D. Mich. Nov. 12, 2010). Moreover, "'[b]ecause placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)); *Merchant v. Hawk-Sawyer*, 37 F. App'x 143, 145 (6th Cir. 2002) ("Merchant presented no evidence that he was denied basic human needs or was otherwise subjected to cruel and unusual punishment by virtue of the conditions in administrative detention or disciplinary segregation."). Plaintiff does not allege that he was denied basic human needs while in maximum security. Therefore, his claims regarding placement in maximum security will be dismissed for failure to state a claim upon which relief may be granted.

### 7. Retaliation

Plaintiff claims that Defendant Lynn placed "false major disciplinary charges on him as retaliation for asking for a grievance form." Plaintiff also alleges that Defendants Lynn and Von

Dwingelo refused his request to call the Jefferson County Court Clerk and that this was retaliation.

The Court will allow Plaintiff's retaliation claims against Defendants Lynn and Von Dwingelo in their individual capacity to proceed based on the above allegations. In allowing these claims to go forward, the Court passes no judgment on their ultimate merit.

With regard to Plaintiff's claim that Defendant Lynn filed false disciplinary charges against him, while the Court will allow Plaintiff's retaliation claim to proceed, the filing of a false misconduct charge itself does not violate the Eighth Amendment. *Williams v. Reynolds*, 198 F.3d 248, 1999 U.S. App. LEXIS 29271, at *5 (6th Cir. 1999) (unpublished table decision) ("[N]either verbal harassment or threats nor the filing of a false misconduct report constitute punishment within the context of the Eighth Amendment.") (citing *Ivey*, 832 F.2d at 955; *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Bruggeman v. Paxton*, 15 F. App'x 202, 205 (6th Cir. 2001) (holding that punishment on the basis of a false misconduct report does not state an Eighth Amendment claim).

In addition, Plaintiff does not state a due process claim under the Fourteenth Amendment. Plaintiff acknowledges that he received a hearing on the charges, and he does not allege that the hearing was defective in any manner. "False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing." *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005); *see also Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004); *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003).

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's official-capacity claims for monetary damages against Defendants Von Dwingelo, Pettit, and White are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Lynn and Von Dwingelo alleging constitutional violations in connection with denying him access to the courts, verbal harassment, and assignment to maximum security are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Poole, Belt, Patton, and Grief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate** Defendants Poole, Belt, Patton, and Grief as parties to this action.

The Court will enter a separate Scheduling Order governing the development of the claims that have been permitted to proceed.

Date:

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.010