UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**GLENN D. ODOM, II**                                                                                    **PLAINTIFF**

v.                                                                                    **CIVIL ACTION NO. 5:13CV-P60-GNS**

**VICTORIA P. LYNN** *et al.*                                                                     **DEFENDANTS**

## MEMORANDUM AND ORDER

Plaintiff Glenn D. Odom, II, a *pro* se prisoner proceeding *in forma pauperis*, filed the instant action concerning his incarceration at Kentucky State Penitentiary (KSP). Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed the following claims to proceed: the official-capacity claims for failure to protect against Defendants Bruce Von Dwingelo, Duke Pettit, and Randy White seeking injunctive relief in the form of a protection from specific threats of harm and the individual-capacity claims for retaliation against Defendants Victoria P. Lynn and Von Dwingelo seeking monetary damages.

In *in forma pauperis* proceedings, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case **at any time** if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

Plaintiff filed a notice of change of address (DN 34) on October 31, 2014, stating that he has been transferred to the Little Sandy Correctional Complex. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Because Plaintiff is no longer incarcerated

at KSP, his claims for injunctive relief against Defendants Von Dwingelo, Pettit, and White have become moot. Accordingly,

**IT IS ORDERED** that Plaintiff's injunctive-relief claims are **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is **DIRECTED** to terminate Pettit and White as parties to this action.

Date: December 22, 2014

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of record
4416.010

2